MELINDA HAAG (CSBN 132612)
United States Attorney

MIRANDA B. KANE (CSBN 150630)
Chief, Criminal Division

PATRICIA J. KENNEY (CSBN 130238)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495

    Telephone: 415.436.6857
    Facsimile: 415.436.6748

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> $109,800 IN UNITED STATES CURRENCY, <br><br> Defendant. <br><br> NINH TRAN AND TUNG TRAN, <br><br> Claimants. | No. 11-CV-1967 EMC <br><br> JOINT CASE MANAGEMENT STATEMENT AND REQUEST TO RESCHEDULE THE JANUARY 24, 2013 CMC <br><br> Date: January 24, 2013 <br> Time: 9:00 a.m. <br> Place: Courtroom 5, 17th Floor <br>       450 Golden Gate Ave. <br>       San Francisco, CA |

    The parties submit the following joint case management statement. After claimants Ninh Tran and Tung Tran filed claims on June 22, 2011 in this civil forfeiture action, the parties in July 2011 stipulated to a stay of this case until a related state court criminal case was resolved, *People of the State of California v. Luc Tran (7/19/1987), aka Tran Luc Tien, Linh Nhat Tran (10/18/1983), et al.*, DA No. 101127526, filed November 11, 2010 (Superior Court, Santa Clara County, San Jose Facility). The first two named defendants in the state case are the sons of Ninh Tran, a claimant in

this case, and nephews of Tung Tran, also a claimant in this case. On or about October 26, 2012, Luc Tran had plead no contest to a number of charges. Previously on May 22, 2012, Linh Tran plead no contest to a number of charges. In the October 26, 2012 status report, the undersigned Assistant United States Attorney suggested a rescheduling of the case management conference in four to six weeks to give counsel a change to coordinate and to give the United States an opportunity to obtain necessary state documents, including a transcript of the state proceedings. The Court rescheduled the case management conference for January 24, 2013.

The parties describe their discovery plans below. Based on that description, the parties request that the Court to reschedule the January 24 CMC for March 28, 2013 to enable them to either complete discovery or inform the Court as to any further discovery that is needed.[1] Fed. R. Civ. P. 1.[2] The parties have had informal discussions regarding resolution of this case, but do not expect the case to resolve, if at all, until they complete some additional discovery.

1.   Jurisdiction and Service

This is a judicial forfeiture action. The Court has jurisdiction over defendant $109,800 under 21 U.S.C. § 881(a)(6). The United States contends that the totality of the circumstances support that defendant $109,800 is proceeds from the criminal drug trafficking of Luc Tien Tran and Linh Nhat Tran who are the sons of claimant Ninh Tran and the nephews of claimant Tung Tran.

The United States provided general notice of this action by publication and direct notice to Duyen H. Nguyen, attorney for Ninh Tran and his brother, Tung Tran, as required by Supplemental Rule G(4). *See* Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(4); Certificate of Service, served April 27, 2011; Declaration of Publication, filed May 31, 2011. Ninh Tran and Tung Tran filed timely claims and answers. *See* Answer, filed June 22, 2011.

---

[1] The undersigned AUSA will be having surgery at the end of January which will likely result in her being out of the office until mid-February. The suggested rescheduling of the CMC will permit the undersigned AUSA to obtain necessary discovery, including the depositions of claimants.

[2] Because the parties have fully informed the Court of the status of this case, there is no need to have a CMC at this time. In addition, the rescheduling of the CMC would avoid the time and expense in having counsel for claimants travel from San Jose to San Francisco for a CMC.

JCMS
No. 11-CV-1967 EMC                                2

Ninh Tran filed a claim as bailee "to the property seized in the above referenced matter," claiming:

> ... he is bailee of such property. The cash seized are the proceeds from the sale of claimant's brother's business and was in his custody. Ninh received payments from the purchaser of the business in monthly installments and the property seized was the total accumulation of payments.

Claimant's [Ninh Tran's] Verified Claim, filed June 1, 2011. In addition, Tung Tran filed a claim as owner, claiming:

> ... he is the owner of such property. The property seized is the proceeds from the sale of claimant's business and was in the custody of his brother Ninh Tran.

Claimant's [Tung Tran's] Verified Claim, filed June 1, 2011.

Subsequently, on June 22, 2011, both claimants amended their verified claims to attach two documents. Claimant's [Ninh Tran's]; Amended Verified Claim, filed June 22. 2011; Claimant's [Tung Tran's] Verified Claim, filed June 1, 2011. One is a "Closing Statement" from The Mechanics Bank dated November 27, 2002 regarding "Mill Liquors & Deli, 15982 E 14th Street, San Leandro, Ca. 94578" which reflects "FUNDS DUE YOU" of "$103,677.39." *Id.* The second is labeled "Security Agreement," dated November 27, 2002 between "Kenny Alpham" and "Tung Van Tran." *Id.*

2. Facts Alleged in Verified Complaint

The United States described in its verified complaint facts regarding the multi-agency, gang and narcotics investigation of targets, Luc Tien Tran and Linh Nhat Tran, who are both validated members of the gang known as the Insane Viet Thugs ("IVT"), and who were involved in high level narcotics trafficking, including trafficking in methylenedioxymethamphetamine (also known as "MDMA" or ecstasy), marijuana cultivation and firearms violations. *See* Complaint for Forfeiture, filed April 22, 2011.

On November 9, 2010, Special Agents and local law enforcement officers from numerous agencies throughout the Bay area coordinated the simultaneous execution of 22 state search warrants in and around the Bay area, including in Vallejo, Fremont, Union City, Hayward, San Jose, Oakland and San Leandro, which were aimed at dismantling the drug trafficking and violent crime aspects of the IVT. During the execution of those 22 state search warrants, numerous arrests were made as

JCMS
No. 11-CV-1967 EMC                            3

well as numerous seizures, including the seizure of 15 weapons (including an SKS, AK-47, Desert Eagle and a sawed off shotgun), 19 vehicles, approximately 2,000 marijuana plants, 20 pounds of processed marijuana and defendant $109,800 in United States currency. *Id.*

Luc Tien Tran and Linh Nhat Tran are brothers, and were two of the top targets in this drug trafficking organization. Twenty three individuals, including Luc Tien Tran and Linh Nhat Tran, were charged in state court with numerous criminal violations, including conspiracy to violate California Health and Safety Code 11358, 11359, 11378 and 11379. *See People v. Luc Tien Tran aka Tran Luc Tien, Linh Nhat Tran, etc. [21 others]*, Felony Complaint DA No. 101127526, Superior Court Docket C1092177 (Superior Court, County of Santa Clara, San Jose Facility), filed November 12, 2010. In addition, Luc Tien Tran was also charged with unlawfully possessing an assault weapon, a Desert Eagle Firearm, and an SKS Rifle, at the time of his arrest on or about November 9, 2010, and charged with committing those offenses for the benefit of, at the direction of and in association with a criminal street gang. *Id.*, Count 2 and Count 3; Complaint for Forfeiture.

On November 9, 2010, Special Agents of the DEA and San Jose ICE executed one of the 22 state search warrants at 2867 Sterne Place, Fremont, California, which is the residence of the parents of Luc Tien Tran and Linh Nhat Tran, and a possible secondary residence of Luc Tien Tran and Linh Nhat Tran. During the course of the investigation, evidence was developed that IVT members Luc Tien Tran and Linh Nhat Tran used this location to meet IVT members and as a stash house for drugs and the proceeds of drug trafficking. After securing the Sterne Place residence on November 9, 2010, ICE Agents photographed the residence prior to conducting the search and a canine was used to assist in a sweep of the residence for narcotics, but did not alert. *See* Complaint for Forfeiture.

During the search, agents seized about a few capsules of MDMA from the bedroom of Tran Loc Quoc. ICE agents also located a locked filing cabinet in the bedroom of Ninh Can Tran and Chiu Thi Hoang, who are the parents of Luc and Linh Tran. Prior to the search, Ninh Can Tran had advised the agents of which key on a key ring would open a shed in the backyard. Later, on the same key ring, agents found the key to the locked filing cabinet. Inside of the filing cabinet, agents found among other things a passport for Luc Tien Tran and an undetermined amount of United States currency in rubber-banded bundles wrapped in several different types of paper and plastic bags.

JCMS
No. 11-CV-1967 EMC 4

Ninh told the agents that the money was from members of his family. Subsequently, DEA agents took the currency to Bank of America which counted it and converted the seized United States currency into a check for $109,800 for deposit in the appropriate USMS interest bearing account, and those are the funds which are now defendant in this civil forfeiture action. *See* Complaint for Forfeiture.

3. Legal Issues

    a. Whether the United States can establish by a preponderance of the evidence through a totality of the circumstances that defendant $109,800 is subject to forfeiture because it is connected to illegal drug trafficking activities.

    b. Once the United States establishes that defendant $109,800 is subject to forfeiture, whether claimants can establish by a preponderance of the evidence any of the affirmative defenses asserted in the answer to the complaint, including whether they are "innocent owners" under 18 U.S.C. § 983(d)(2) because they claim their interest in defendant $109,800 arose prior to the criminal activities of Luc Tran and Linh Tran.

4. Motions

No motions are pending. After the close of discovery, the United States will likely file a motion for summary judgment that defendant $109,800 is subject to forfeiture based on a totality of the circumstances.

5. Amendment of Pleadings

The parties have no current plans to amend the pleadings.

6. Evidence Preservation

The United States will preserve all documents, information or other evidence that it has been provided in connection with this adopted case. Claimants agree to preserve all documents, information or other evidence that it has been provided in connection with this adopted case.

7. Disclosures

No initial disclosures are required in civil forfeiture actions. Fed. R. Civ. P. 26(a)(1)(B)(ii).

///

///

8. Discovery

The United States has propounded and obtained responses to Special Interrogatories pursuant to Rule G(6) to explore the relationship of claimants to defendant $109,800. Supp. R. for Admir. or Maritime Claims and Asset Forf. Actions G(6). In addition, the United States propounded interrogatories and document requests to which claimants responded. The United States contends claimants answers are deficient and will work with claimant's counsel to supplement those answers. Thereafter in mid to late February, the United States plans to take the depositions of claimants. The United States may also take the depositions of Luc Tran and Linh Tran who may be in prison.

Claimants promulgated interrogatories. Claimants thereafter agreed to extend the time for the United States to respond (both answers and objections) to and including January 23, 2013. Upon receipt of the responses, claimants may decide to take further discovery.

9. Class Actions

Not Applicable.

10. Related Cases

The parties are unaware of any related cases or proceedings pending before another judge of this court, or before another court, or administrative body.

11. Relief

The United States seeks to forfeit defendant $109,800. Claimants submit defendant $109,800 is not subject to forfeiture and that they are "innocent owners."

12. Settlement and ADR

This is a civil law enforcement action. Although the United States has set forth evidence on which it concludes that defendant $109,800 is subject to forfeiture, the United States has not had the opportunity yet to take all necessary discovery as to the basis of claimants' claim that defendant $109,800 is not subject to forfeiture. The parties have spoken informally about the possibility of resolving this case and will continue a dialogue. Thus, ADR at this juncture is premature.

13. Consent to Magistrate Judge for all Purposes

The parties have not yet agreed.

///

JCMS
No. 11-CV-1967 EMC         6

14. <u>Other References</u>

Claimants demanded a jury trial in their Answer.

15. <u>Narrowing of Issues</u>

It is premature to determine whether issues can be narrowed by agreement or motion before the parties engage in discovery.

16. <u>Expedited Trial Procedure</u>

Not applicable.

17. <u>Scheduling</u>

The United States suggests that the Court schedule a case management conference in another two months, on or about March 28, 2013, after the parties have had the opportunity to finish the discovery they have begun.

18. <u>Trial</u>

The parties suggest that it is premature to estimate how long a trial might take at this stage before they have taken additional discovery. Claimants have has demanded a jury trial.

19. <u>Disclosure of Non-Party Interested Entities or Persons</u>

The United States is exempt from the requirement in Civil Local Rule 3-16 to file a "Certification of Interested Entities or Persons." Claimants will need to file the required Certification.

20. <u>Other Matters</u>

Nothing at this time.

IT IS SO STIPULATED:

Dated: January 9, 2013

MELINDA HAAG
United States Attorney

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

LAW OFFICES OF DUYEN H. NGUYEN

Dated: January 9, 2013

DUYEN H. NGUYEN
Attorney for Claimants

IT IS SO ORDERED that the CMC is reset for 3/28/13 at 9:00 a.m.

Edward M. Chen
U.S. District Judge

JCMS
No. 11-CV-1967 EMC

7

IT IS SO ORDERED
Judge Edward M. Chen